United States District Court
Southern District of Texas
FILED

APR 25 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GLORIA KURY | § § | |
| v. | § § | CIVIL ACTION NO. B 03-075 |
| ROSIE AMARO-GALARZA AND LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | § § § § § | JURY |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GLORIA KURY, Plaintiff who complains of ROSIE AMARO-GALARZA and LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT (hereinafter "LFCISCD"), Defendants and for cause of action shows:

I.
JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 42 U.S.C. §1983.

2. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391(b)(1) and (2).

II
PARTIES

3. Plaintiff, GLORIA KURY is an individual residing in Cameron County, Texas.

4. Defendant, ROSIE AMARO-GALARZA is an individual residing in Los Fresnos, Cameron County, Texas.

5. Defendant, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT

(LFCISD) is a school district formed according to the laws of the State of Texas.

## II.
## FACTUAL BACKGROUND AND ALLEGATIONS

6.     On or about August 29, 2002, the School Board of LFCISD held a meeting wherein a tax hike was approved. Plaintiff, GLORIA KURY, in exercising her first amendment rights to free speech wrote a letter after said meeting to the papers in the surrounding area of the city of Los Fresnos, Cameron County, Texas. In said letter, GLORIA KURY criticized the actions of Defendant, ROSIE AMARO-GALARZA. On or about early September, 2002 said letter was published in the Los Fresnos Leader, San Benito News and the Valley Morning Star which are all newspapers in and around the surrounding area of the city of Los Fresnos, Cameron County, Texas.

7.     Plaintiff, GLORIA KURY, is a psychologist who works for Brownsville Community Health Centers pursuant to a contract entered by the parties on or about January 2000 which renewed in June 2000 and which last renewed in June 2002; said contract has been in full force and effect through the date of filing of this Complaint. Brownsville Community Health Centers contracts with Campus Care Centers, Inc. to facilitate their contract with Brownsville Independent School District to provide health care services, including psychological services, to its students.

8.     Before September 25, 2002, the Superintendent of Defendant LFCISD contacted Plaintiff, GLORIA KURY, and notified her that LFCISD was interested in developing the same type of services that BCHC provided for Brownsville Independent School District. At a Campus Care Centers, Inc. advisory board meeting held on September 25, 2002, GLORIA KURY notified Emily Albert, director of clinical operations at Brownsville Community Health Centers (BCHC), that LFCISD was interested in starting up a clinical care program at their school and wanted GLORIA

KURY to get the program started.

9. On October 4, 2002, the Brownsville Herald published the same letter written by Plaintiff GLORIA KURY in late August 2002, which criticized Defendant, ROSIE AMARO-GALARZA. Shortly thereafter, in retaliation for GLORIA KURY exercising her First Amendment Rights of Free Speech, ROSIE AMARO-GALARZA contacted the LFCISD Superintendent and told her that she wanted the plans to start the school-based clinic program at LFCISD killed because GLORIA KURY was involved.

10. On or about October 7, 2002, in further retaliation for GLORIA KURY's exercising her First Amendment Rights of Free Speech, ROSIE AMARO-GALARZA called GLORIA KURY's immediate supervisor, Alix Flores, and told him that "she was a Los Fresnos School Board Member" and that "she wanted him to do something about her [GLORIA KURY] and her writings of letters to the editor." ROSIE AMARO-GALARZA intended to tortuously interfere with GLORIA KURY's contract with BCHC when she stated to Alix Flores that there would be "ramifications of Campus Care's relationship with BISD" if GLORIA KURY "wasn't taken care of."

11. On the October 7, 2002 day, by coincidence, GLORIA KURY attended a meeting at Homer Hanna High School in Brownsville, Texas where ROSIE AMARO-GALARZA was also present. At said meeting, GLORIA KURY greeted ROSIE AMARO-GALARZA and shook her hand. After said meeting, ROSIE AMARO-GALARZA again called Alix Flores and told him that "Gloria had assaulted her and said she was going to file charges on her and have her arrested." Said statement was totally false; was meant to defame GLORIA KURY; was intended to tortuously interfere with GLORIA KURY's contract with BCHC; constituted defamation *per se*; and was in retaliation for GLORIA KURY exercising her First Amendment Rights of Free Speech.

12. On or about October 8, 2002, GLORIA KURY filed a complaint with the LFCISD asking among other things for LFCISD to denounce the above-stated actions taken by ROSIE AMARO-GALARZA. On October 23, 2002, by appointment from the Superintendent of LFCISD, Hon. Ruben R. Pena held a Level II hearing and he issued an opinion on October 28, 2002. Said opinion was thereafter timely appealed to the LFCISD Board of Trustees.

13. On or about December 9, 2002, GLORIA KURY's Level III grievance hearing took place. In said hearing, GLORIA KURY asked that "the board issue a statement on its position related to community comment to clarify whether Ms. Galarza's actions represent the entire board's position."

14. The LFCISD board ratified ROSIE AMARO-GALARZA's actions when they refused to issue a statement stating whether or not ROSIE AMARO-GALARZA's actions represented the board's policy. This inaction by the LFCISD Board of Trustees ratified ROSIE AMARO-GALARZA's retaliatory action. LFCISD also ratified ROSIE AMARO-GALARZA's retaliatory action who were aware of her actions and took no effective action to prevent their Board members from engaging in such conduct.

### III.
### CAUSES OF ACTION

15. The facts alleged in Section II above are incorporated as though fully set out herein. As set out in Section II, the actions of Defendant, ROSIE AMARO-GALARZA constitute tortious interference with the business relationship between Plaintiff GLORIA KURY and Brownsville Community Health Centers and intentional infliction of emotional distress on Plaintiff. The actions of Defendant ROSIE AMARO-GALARZA were such as to deliberately interfere with Plaintiff's business relationship with Brownsville Community Health Centers and were deliberately intended

to cause loss and damages to GLORIA KURY by doing so. Such actions were taken by Defendant ROSIE AMARO-GALARZA without privilege or justification and caused her the damages for which she now sues.

16. ROSIE AMARO-GALARZA's spoken comments were intended to, and did, disparage Plaintiff and her reputation in her profession and community. Such comments were with malice and made without regard to the truth and were in fact false, and thus constitutes slander, for which Defendant ROSIE AMARO-GALARZA is liable. Plaintiff would further assert that the actions of Defendant ROSIE AMARO-GALARZA were such as to constitute malice for which Plaintiff is entitled to the recovery of exemplary damages pursuant to Texas Civil Practice and Remedies Code §41.001, *et. seq.* In particular, Defendant ROSIE AMARO-GALARZA had a specific intent to cause substantial injury to GLORIA KURY, and the acts she committed involved an extreme degree of risk that GLORIA KURY would lose all income from her business relationship with Brownsville Community Health Centers. Defendant ROSIE AMARO-GALARZA had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to GLORIA KURY's rights or welfare. ROSIE AMARO-GALARZA's statements that GLORIA KURY assaulted her were slanderous *per se*.

17. Defendant ROSIE AMARO-GALARZA's actions further caused a deprivation of Plaintiff GLORIA KURY's rights to free speech which she was deprived without justification or excuse, and for which she now sues pursuant to 42 U.S.C. §1983. Defendant's actions against Plaintiff were in retaliation for her legitimate exercise of her free speech rights, guaranteed by the First Amendment to the U.S. Constitution. ROSIE AMARO-GALARZA's actions were deliberately intended to cause harm to GLORIA KURY, and the resulting harm to her was severe. As a result of ROSIE AMARO-

GALARZA's and LFCISD's actions, GLORIA KURY suffered extreme shame, humiliation, embarrassment, loss of reputation, injury to her reputation, worry, anxiety, sleeplessness and damage to her personal health, for which she now sues.

18. Defendant LFCISD's actions in ratifying ROSIE AMARO-GALARZA's actions constituted depriving GLORIA KURY of her rights to free speech and said ratification was conducted and implemented as part of the customs, policies and/or practices of Defendant LFCISD, or were made by those with policy-making authority in that area of LFCISD's business, for which Defendant LFCISD is now liable. Said action of LFCISD caused a deprivation of Plaintiff GLORIA KURY's rights to free speech which she was deprived without justification or excuse, and for which she now sues pursuant to 42 U.S.C. §1983. Defendant's actions against Plaintiff were in retaliation for her legitimate exercise of her free speech rights, guaranteed by the First Amendment to the U.S. Constitution.

19. Furthermore, Plaintiff alleges that the unlawful acts against her were in retaliation for her legitimate exercise of her free speech rights in violation of her civil rights arising under the Constitution and laws of the sovereign state of Texas including Article 1, Section 8 of the Texas Constitution.

20. At all times relevant hereto, Defendant ROSIE AMARO-GALARZA was a school board member of LFCISD. She is being sued individually and in her official capacity.

## IV.
## DAMAGES AND RELIEF SOUGHT

21. As a proximate result of the wrongful acts alleged herein, Plaintiff suffered injury to her feelings, reputation, health, and character; was generally impaired in her social standing; and suffered

great embarrassment, humiliation, and mental anguish and suffering. Furthermore, Plaintiff suffered loss of income opportunities, loss of prospective earnings, and all actual and compensatory damages to which she may be entitled under the law all to her damage in a sum far in excess of the jurisdictional limits of this Court. Plaintiff also seeks recovery of her reasonable and necessary attorney's fees and expenses, pursuant to 42 U.S.C. §1988.

22. Plaintiff further seeks the recovery of punitive or exemplary damages from Defendant ROSIE AMARO-GALARZA, in an amount to be determined entirely by the discretion of the jury.

23. The continuing nature of the denial of Plaintiff's fundamental rights, that arbitrarily and irrationally have been denied, and will deny to Plaintiff rights and entitlements under the laws described above, is resulting in immediate and irreparable harm to the Plaintiff. Plaintiff is therefore entitled to temporary and permanent injunctive orders restraining the Defendants herein, as alleged in their separate causes of action, from continuing with such action and future action. Additionally, Plaintiff request that this Court order a permanent injunction, based on the customary nature of the unlawful acts, that Defendants, employees, agents and all those acting in concert with them or at their discretion refrain from denying Plaintiff the rights infringed upon in this action. Thereafter, Defendants shall comply and follow such orders.

24. All conditions precedent to the filing of this suit and the recovery of the damages prayed for herein have occurred and have been performed.

25. Plaintiff GLORIA KURY requests that a jury of her peers be convened to determine the facts made the basis of this lawsuit.

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff have:

1. Judgment against Defendants jointly and severally for all actual and compensatory damages suffered, for a sum within the jurisdictional limits of the Court;

2. Prejudgment interest as provided by law;

3. An award of punitive or exemplary damages against Defendant, ROSIE AMARO-GALARZA;

4. Postjudgment interest as provided by law;

5. Costs of suit;

6. Attorney's fees and expenses;

7. Injunctive relief prayed for hereinabove; and

8. Such other and further relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

        THE LAW FIRM OF ZAYAS & ZAMORA, P.C.
        3100 E. 14th Street
        Brownsville, Texas 78521
        (956) 546-5060 Telephone
        (956) 541-4157 Telecopier

        _____
        RICHARD E. ZAYAS
        State Bar No. 00788744
        Federal I.D. No. 16825
        Attorney for Plaintiff GLORIA KURY