IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GLORIA KURY | CIVIL ACTION |
| V. | NO. B 03-075 |
| ROSIE AMARO-GALARZA AND LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT | |

**DEFENDANT LOS FRESNOS CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT (LFCISD), Defendant in the above numbered and entitled cause and files this its answer to Plaintiff's Original Complaint and would show as follows:

1. Defendant, LFCISD, denies that the Plaintiff has property invoked federal jurisdiction.

2. Defendant, LFCISD, admits venue is proper in the Southern District of Texas, Brownsville Division.

3. Defendant, LFCISD, admits the averments in paragraph 3.

4. Defendant, LFCISD, admits the averments in paragraph 4.

5. Defendant, LFCISD, admits the averments in paragraph 5.

6. Defendant, LFCISD, admits to the averment in the first sentence of paragraph 6.

Defendant, LFCISD, can not admit or deny the remainder of paragraph number 6, because it is without knowledge or information sufficient to frm a belief as to the truth of the averment.

7. LFCISD can neither admit or deny paragraph 7 because it is without knowledge or information sufficient to form a belief as to the truth of the averments.

8. Defendant LFCISD has authorized its superintendent to initiate negotiations with contractors to provide various services to the district. As a result the LFCISD admits the first sentence of paragraph 8. LFCISD can neither admit or deny the second sentence of paragraph 8 because it is without knowledge or information sufficient to form a belief as to the truth of the averments.

9. Defendant LFCISD, can neither admit or deny the first sentence of paragraph 9 because it is without knowledge or information sufficient to form a belief as to the truth of the averment. Defendant, LFCISD, denies that ROSIE AMARO-GALARZA called the Defendant's Superintendent and wanted plans to start the school-based clinic program at LFCISD "killed because Gloria Kury was involved."

10. Defendant, LFCISD, can neither admit or deny paragraph 10 because it is without knowledge or information sufficient to form a belief as to the truth of the averment.

11. Defendant, LFCISD, can neither admit or deny the allegations contained in paragraph 11 because it is without knowledge or information sufficient to form a belief as to the truth of the averment.

12. Defendant, LFCISD, admits the allegations contained in paragraph 12.

13. Defendant, LFCISD, admits the allegations contained in paragraph 13.

14. Defendant, LFCISD, denies the allegations contained in paragraph 14.

15. Defendant, LFCISD, denies the averments in paragraph 15 to the extent it purports to allege causes of action against ROSIE AMARO-GALARZA in her capacity as a member of the Board of Trustees of the LFCISD.

16. Defendant, LFCISD, denies the averments in paragraph 16 to the extent it purports to allege a cause of action for slander against ROSIE AMARO-GALARZA in her capacity as a member of the Board of Trustees of LFCISD because of the doctrine of sovereign immunity and official immunity.

17. Defendant, LFCISD, denies the averments in paragraph 17 to the extent it purports to allege causes of action for violation of free speech against ROSIE AMARO-GALARZA in her capacity as a member of the Board of Trustees of the LFCISD

18. Defendant, LFCISD, denies the averments in paragraph 18.

19. Defendant, LFCISD, denies the averments contained in paragraph 19.

20. Defendant, LFCISD, admits that ROSIE AMARO-GALARZA was a school board member at all relevant times. Defendant, LFCISD, cannot determine in which capacity Defendant, ROSIE AMARO-GALARZA, has been sued and whether it is in her individual capacity or in her official capacity.

21. Defendant, LFCISD, denies the averments contained in paragraph 21.

22. Defendant, LFCISD, denies that Plaintiff may recover punitive damages from the

Defendant, ROSIE AMARO-GALARZA in her official capacity.

23. Defendant, LFCISD, denies the averments contained in paragraph 23.

24. Defendant, LFCISD, denies the averments contained in paragraph 24 in that the plaintiff has not given timely notice of her claims to the Defendant, LFCISD, pursuant to Section 101.101, TEX. CIV. PRAC. & REMEDIES CODE.

## AFFIRMATIVE DEFENSES

25. Defendant, LFCISD, would show that the Plaintiff's claims are barred in whole or in part by the doctrine of sovereign immunity.

26. Defendant, LFCISD, would further show that Plaintiff's state based tort claims are barred in whole by the Texas Tort Claims Act. (TEX. CIV. PRACT. & REMEDIES CODE Section 101.001 et seq.)

## COUNTER CLAIM

27. Defendant, LFCISD, would show that the claims brought by the Plaintiff are frivolous. Therefore, pursuant to section 11.161 of the Texas Education Code the Defendant Los Fresnos Consolidated Independent School District seeks its costs and attorney's fees.

Respectfully submitted,

**LAW OFFICES OF RUBEN R. PEÑA, P.C.**
P. O. Box 530160
222 W. Harrison
Harlingen, Texas 78550
Telephone No. (956) 412-8200
Facsimile No. (956) 412-8282

BY: _____
RUBEN R. PEÑA
State Bar No. 15740900
Federal I.D. No. 1216

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer of the Los Fresnos Consolidated Independent School District was served on counsel for the Plaintiff, Ric Zayas, Law Offices of Zayas and Zamora, P.C. 3100 E. 14th Street, Brownsville, Texas 78521 by facsimile (956) 541-4157 and first class mail.

_____
Ruben R. Pena