United States District Court
Southern District of Texas
FILED

MAY 2 1 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GLORIA KURY | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | |
| ROSIE AMARO-GALARZA | § | NO. B 03-075 |
| AND LOS FRESNOS | § | |
| CONSOLIDATED INDEPENDENT | § | |
| SCHOOL DISTRICT | § | |

### DEFENDANT ROSIE AMARO-GALARZA'S
### ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **ROSIE AMARO-GALARZA,** (hereinafter referred to as "GALARZA") Defendant in the above-numbered and -entitled cause and files this her answer to Plaintiff's Original Complaint and would show as follows:

1.    Defendant, GALARZA, denies that the Plaintiff has properly invoked federal jurisdiction.

2.    Defendant, GALARZA, admits venue is proper in the Southern District of Texas, Brownsville Division.

3.    Defendant, GALARZA, admits the averments in paragraph 3.

4.    Defendant, GALARZA, admits the averments in paragraph 4.

5.    Defendant, GALARZA, admits the averments in paragraph 5.

6.    Defendant, GALARZA, admits to the averment in the first sentence of paragraph 6. Defendant, GALARZA, cannot admit or deny the remainder of paragraph number 6, because she is without knowledge or information sufficient to form a belief as to the truth of the averment.

-1-

7.    GALARZA, can neither admit or deny paragraph 7 because she is without knowledge or information sufficient to form a belief as to the truth of the averments.

8.    Defendant, GALARZA, can neither admit or deny paragraph 8 because she is without knowledge or information sufficient to form a belief as to the truth of the averments.

9.    Defendant GALARZA, can neither admit or deny the first sentence of paragraph 9 because she is without knowledge or information sufficient to form a belief as to the truth of the averment. Defendant, GALARZA, denies that she called the Defendant's Superintendent and wanted plans to start the school-based clinic program at LFCISD "killed because Gloria Kury was involved."

10.    Defendant, GALARZA can neither admit or deny paragraph 10 because she is without knowledge or information sufficient to form a belief as to the truth of the averment.

11.    Defendant, GALARZA, can neither admit or deny the allegations contained in paragraph 11 because she is without knowledge or information sufficient to form a belief as to the truth of the averment.

12.    Defendant, GALARZA, denies the allegations contained in the first sentence of paragraph 12. Defendant, GALARZA, admits the remainder of the paragraph.

13.    Defendant, GALARZA, denies the allegations contained in paragraph 13.

14.    Defendant, GALARZA, denies the allegations contained in paragraph 14.

15.    Defendant, GALARZA, denies the averments in paragraph 15 to the extent it purports to allege causes of action against ROSIE AMARO-GALARZA in her capacity as a member of the Board of Trustees of the LFCISD or in her individual capacity.

16.    Defendant, GALARZA, denies the averments in paragraph 16 to the extent it purports to allege a cause of action for slander against GALARZA in her capacity as a member of the Board

-2-

of Trustees of LFCISD because of the doctrine of sovereign immunity and official immunity.

17. Defendant, GALARZA, denies the averments in paragraph 17 to the extent it purports to allege causes of action for violation of free speech against her in her capacity as a member of the Board of Trustees of the LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, or in her individual capacity.

18. Defendant, GALARZA , denies the averments in paragraph 18.

19. Defendant, GALARZA, denies the averments contained in paragraph 19.

20. Defendant, GALARZA, admits that at all relevant times she was a member of the LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT board of trustees. Defendant, GALARZA, cannot determine whether she has been sued in her individual or official capacity.

21. Defendant, GALARZA, denies the averments contained in paragraph 21.

22. Defendant, GALARZA, denies that Plaintiff may recover punitive damages from her in her official capacity or in her individual capacity as alleged in paragraph 22.

23. Defendant, GALARZA, denies the averments contained in paragraph 23.

24. Defendant, GALARZA, denies the averments contained in paragraph 24 in that the plaintiff has not given timely notice of her claims to the Defendant, GALARZA, pursuant to Section 101.101, TEX. CIV. PRAC. & REMEDIES CODE.

## AFFIRMATIVE DEFENSES

25. Defendant, GALARZA, would show that the Plaintiff's claims are barred in whole or in part by the doctrine of sovereign immunity.

26. Defendant, GALARZA, would further show that Plaintiff's state based tort claims are

barred in whole by the Texas Tort Claims Act. (TEX. CIV. PRACT. & REMEDIES CODE Section

101.001 et seq.)

## COUNTER CLAIM

27.    Defendant, GALARZA, would show that the claims brought by the Plaintiff are

frivolous.   Therefore, pursuant to section 11.161 of the Texas Education Code the Defendant

GALARZA seeks its costs and attorney's fees.

Respectfully submitted,

**LAW OFFICES OF RUBEN R. PEÑA, P.C.**
P. O. Box 530160
222 W. Harrison
Harlingen, Texas 78550
Telephone No. (956) 412-8200
Facsimile No. (956) 412-8282

BY:

RUBEN R. PEÑA
State Bar No. 15740900
Federal I.D. No. 1216

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer of the ROSIE AMARO
GALARZA was served on counsel for the Plaintiff, Ric Zayas, Law Offices of Zayas and Zamora,
P.C. 3100 E. 14th Street, Brownsville, Texas 78521 by facsimile (956) 541-4157 and first class mail.

RUBEN R. PENA

Dated: 5/21/03