# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 1 6 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| GLORIA KURY | * |
| | * |
| VS | *   CIVIL ACTION NO. B-03-075 |
| | * |
| ROSIE AMARO-GALARZA, ET AL | * |

## ORDER SETTING OUT MEDIATION REQUIREMENTS

Pursuant to Local Rule 16.4 of the United States Court for the Southern District of Texas, this case was referred to Magistrate Judge Felix Recio in accordance with the Mediation Program Plan for the Southern District of Texas ("Mediation Plan"), a copy of which is maintained in the clerk's office.

The mediation shall be conducted on **November 19, 2003, 1:30 p.m.**, at the U.S. Federal Courthouse, Brownsville, Texas. Failure to mediate will not be considered cause for the continuance of the trial date. Referral to mediation is not a substitute for trial, and the case will be tried if not settled.

1. Preparation for the Mediation

Counsel will be expected to have discussed the following topics with their client(s) before the mediation:

    a.    The strengths and weaknesses of their positions;

    b.    The strengths and weaknesses of their opponent's positions;

    c.    A realistic appraisal of the value of the case;

    d.    A thorough review of the costs involved in taking the case to trial (and possible appeal). In this connection, trial counsel <u>must</u> provide the decision-making party with a realistic estimate of the costs of preparing and trying the case (such as court reporter fees, expert witness fees, test costs, travel expenses for witnesses (and parties), and other such similar costs). Additionally, trial counsel <u>must</u> provide the decision-making party with a realistic estimate of attorney's fees for taking the case to trial.

    e.    All motivating factors affecting the settlement process. If the only motivating factor for the plaintiff is getting as much money as possible for his/her claim, and for the defendant is paying as little as possible, then this should be clearly known by the decision-making party and the lead counsel for each side. If, however, there are other motivating factors (fear of setting a precedent, wish to get the matter behind a party, wish to preserve a relationship, wish to get revenge, etc.), these should be clearly known by the decision-making party and the lead counsel for each side.

    f.    The prospect of settlement.

## 2. Exchange of Settlement Proposals

Prior to the mediation, counsel shall exchange proposals for settlement and discuss their clients' respective positions. If, as a result of such discussions, counsel for any party is of the view that the parties' positions and interest are so divergent that settlement of the dispute is not realistically possible, then counsel shall seek a telephone conference with the mediator to determine whether the mediation should go forward. Any such telephone conference shall be arranged in sufficient time to avoid the incurring of expenses by the mediator and by parties, representatives, and counsel attending the mediation, normally at least five days prior to the mediation.

### 3. Submission of Confidential Position Paper

Counsel shall submit to the mediator, not later than five (5) days before the scheduled mediation, an in camera or confidential statement setting forth their respective positions concerning all issues involved in the case, including the rationale for such positions. At a minimum, the position statement should include:

a. A brief analysis of key issues involved in the litigation;

b. A description of the strongest and weakest legal and factual points in the party's case;

c. A description of the strongest and weakest legal and factual points in the opponent's case;

d. The status of any settlement negotiations, including the last settlement proposals made by each party;

e. The settlement proposal that the party believes would be fair; and

f. The settlement proposal that the party would be willing to make in order to conclude the matter and stop the expense of litigation.

Such statements shall be for the mediator's review only and solely for use in this settlement conference.

### 4. Attendance at the Mediation

The lead attorney who will try the case for each party must be present. Experience has shown that lead counsel generally has the best relationship with the client, and his/her advise is most often acceptable to the client. It is expected that counsel will be fully authorized to accomplish settlement of this case and prepared to engage in effective settlement negotiations. In addition to lead counsel, the

parties, or representatives of corporate parties WITH FULL SETTLEMENT AUTHORITY, i.e., the ultimate decision-maker, must be present in person at the conference. If any part of the potential liability of a party is insured, or subject to indemnity, a representative of an insurer or indemnitor with authority to pay the full policy of indemnity limits, must be present in person at the conference. The purpose of this requirement is to have at least one person present for each party who possesses the authority to exercise his or her own discretion in order to settle the case during the mediation without consulting someone else who is not present.

Such persons shall be present during the entire mediation process. The participants shall prepare for and participate in the mediation in good faith and exercise their best efforts to settle the case. Failure of any party to have an authorized individual present at the mediation or to participate in good faith may result in the assessment of expenses, costs, and fees for all other attending parties
and the imposition of other sanctions as may be authorized by Rule 16(f) of the Federal Rules of Civil Procedure.

### 5. Confidentially and Privilege Provisions

Mediation will be confidential. Information or documents may be exchanged during the course of mediation without waiving applicable privileges. Written or oral statements, discussions, or representations, prepared for, or made at, the mediation SHALL NOT BE admissible in any future proceeding for any purpose or subject to discovery. Id. F.R.E. 408. The court-appointed mediator shall not be a witness, nor shall the mediator's records be subpoenaed or used as evidence in trial if the case does not settle, nor in any subsequent hearing to enforce the terms of a settlement. No subpoenas, citations, writs,

or other process shall be served at or near the location of any mediation session upon any person entering, leaving, or attending any mediation session.

### 6. Report by the Mediator

The mediator shall make a report to the court of the results of the mediation conference within two (2) days of the conclusion thereof. If, in the opinion of the mediator, the mediation process necessitates more than one mediation conference, the mediator shall submit a mediation conference report within two (2) days of each successive conference.

DONE at Brownsville, Texas, this **15th** day of **September 2003**.

_____
Felix Recio
United States Magistrate Judge